BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN JUAN NAVIGATION (SINGAPORE) PTE. LTD.,<br><br>        Plaintiff,<br><br>- against -<br><br>TRANS POWER CO. LTD.,<br><br>        Defendant. | 08 CV 1562 (RMB) |

**VERIFIED ANSWER AND COUNTERCLAIM UNDER ADMIRALTY RULE E(7) OF SUPPLEMENTAL RULES FOR ADMIRALTY AND MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendant TRANS POWER CO. LTD. ("TRANS POWER") answers the amended verified Rule B complaint dated February 15, 2008 ("Complaint") of SAN JUAN NAVIGATION (SINGAPORE) PTE. LTD. ("SAN JUAN" or "Plaintiff") and states as follows upon information and belief:

  1.  Admits the allegations in Paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. Admits the allegations in Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Admits the allegations in Paragraph 6 of the Complaint.

7. Admits the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint except admits damage to No. 3 crane.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. The allegations in Paragraph 10 of the Complaint are legal contentions which need not be admitted or denied.

11. Denies the allegations in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14. Denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Denies the allegations in Paragraph 16 of the Complaint.

601518.00602/6624124v.2

17. Denies the allegations in Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint except admits to the choice of law and London arbitration we use.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint except admits that parties' legal fees and arbitrator's fees and costs are awardable in London arbitration.

22. The allegations in Paragraph 22 of the Complaint are allegations of law which need not be admitted or denied but, except as admitted in paragraph 21 are denied.

23. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 23 of the Complaint.

24. Denies the allegations in Paragraph 24 of the Complaint.

25. Denies the allegations in Paragraph 25 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST

1. The Court lacks personal jurisdiction over Defendant which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

## SECOND

2. The Complaint fails to state a cause of action upon which relief may be granted.

## THIRD

3. The Complaint must be stayed or dismissed under 9 U.S.C. § 1 et seq. and §§ 201, et seq. in favor of arbitration.

## FOURTH

4. Plaintiff is not the real party interest and lacks standing to bring this claim.

## FIFTH

5. The alleged claims are barred by applicable statutes of limitations.

## SIXTH

6. The alleged claims are barred by operation of law.

## SEVENTH

7. The alleged claims are barred by laches.

## EIGHTH

8. Plaintiff has failed to include or join indispensable parties to this action.

## NINTH

9. If Plaintiff suffered any loss or damage as alleged, which is denied, it was caused by or contributed to by an act or omission by the plaintiffs and/or other third-parties, and not by Defendant.

## TENTH

10. Plaintiff failed to properly mitigate its alleged damages.

## ELEVENTH

11. Service of the Complaint was improper and insufficient.

### AS AND FOR A COUNTER-CLAIM UNDER SUPPLEMENTAL RULE E(7) FOR COSTS

12. Trans Power, as charterer, entered into a charter with San Juan as owner of the M/V FANY dated on or about January 8, 2008 (the "Charter").

13. San Juan has asserted that it will bring claims in a London arbitration against Trans Power and has obtained, by way of Rule B attachment, security for alleged costs in respect of the London Arbitration in the total sum of $475,000.

14. Attorneys' and arbitrators' fees, disbursements and costs are recoverable in London arbitration and Trans Power asserts or will assert such a claim in the same estimated amount as San Juan of $475.000.

15. In the event that the attachment of Trans Power's assets is upheld in whole or in part, Trans Power is entitled to counter-security under Supplemental Rule E(7), without prejudice to its right of London arbitration, in the same sum for costs.

16. No security has been provided by Plaintiff in this or any other Court for the "costs."

WHEREFORE Trans Power respectfully prays that an order be entered directing Plaintiff post countersecurity in a form acceptable to the Court in the sum of $475,000, or

such other amount as the Court may determine pursuant to Supplemental Rule E(7) and provide such other relief, as may be fair and equitable.

Date: New York, New York
March 17, 2008

Respectfully submitted,

BLANK ROME LLP

By: _____
Jeremy J.O. Harwood
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5000
   *Attorneys for Defendant*

6

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome, LLP, attorneys for Defendant.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Defendants is that Defendants are foreign corporations, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendants.

_____
Jeremy J.O. Harwood

Sworn to before me this
17th day of March, 2008

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov-30, 2009

7

601518.00602/6624124v.2