BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
The Chrysler Building
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN JUAN NAVIGATION (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> - against - <br><br> TRANS POWER CO. LTD., <br><br> Defendant. | 08 CV 1562 (RMB) |

### NOTICE OF FOREIGN LAW PURSUANT TO F. R. CIV. P. RULE 44.1

PLEASE TAKE NOTICE THAT, Defendant TRANS POWER CO. LTD., pursuant to F. R. Civ. P. Rule 44.1 intends to raise issue of foreign law, namely of English law, as set out in the attached declaration of Nicholas Woo dated March 17, 2008.

Date:  New York, New York
       March 17, 2008

                                        Respectfully submitted,

                                        BLANK ROME LLP

                                        By: /s/ Jeremy Harwood
                                        Jeremy J.O. Harwood
                                        405 Lexington Avenue
                                        New York, New York 10174
                                        (212) 885-5000
                                        *Attorneys for Defendant*

601518.00602/6624096v.1

BLANK ROME LLP
Attorneys for Defendant
Jeremy J.O. Harwood (JH 9012)
405 Lexington Avenue
New York, NY 10174
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAN JUAN NAVIGATION (SINGAPORE) PTE. LTD., <br><br> Plaintiff, <br><br> - against - <br><br> TRANS POWER CO. LTD., <br><br> Defendant. | 08 CV 1562 (RMB) |

### DECLARATION OF NICHOLAS WOO UNDER ENGLISH LAW

I, NICHOLAS WOO, declare under penalty of perjury:

1. I am a partner of the firm of English solicitors, Birketts LLP, with offices at 24-26 Museum Street, Ipswich, Suffolk, England. I was admitted as a solicitor of the Supreme Court of England and Wales on 2nd September 1996 and admitted as a solicitor of the Supreme Court of Singapore in July 1988.

2. I submit this declaration of English law based upon my personal knowledge of the claims alleged by SAN JUAN NAVIGATION (SINGAPORE) PTE. LTD. ("San Juan") as stated in (i) its amended verified complaint in this matter, dated February 15, 2008 ("Complaint"); and (ii) my firm's representation of defendant

Trans Power Co., Ltd. ("Trans Power") in the arbitration relating to the claims described below.

### A.  THE ARBITRATION UNDER THE CHARTER

3.  San Juan's Complaint alleges that it has suffered damages in the total sum of $1,474,054.53 plus interest and costs for Trans Power's alleged breach of a contract of charter party dated on or about January 8, 2008 (the "Charter"). I might add that although San Juan have commenced arbitration in London, they have not yet served their Claims Submission.

4.  San Juan's claims under the Charter arising from damage to a crane are stated in the Complaint to be as follows:

   (i)   "Head owners Hanjin have already indicated their intention to pursue a claim for this [crane] damage" in the sum of $53,000 (Complaint, ¶ 8);

   (ii)  loss of hire relating to the crane damage of $63,180 (Id., ¶ 9);

   (iii) Estimated "time lost" of $389,025. (Id., ¶ 18 [C]);

   (iv)  "estimated" sailing time in the sum of $63,180 (Id., ¶ 9, 18 [D]).

5.  The total sum of the claims stated in paragraph 18 A-D of the Complaint in respect of the crane damage is $556,785 (the "Indemnity Claims"). I would attribute 75% of the costs claim of US$475,000 to the resolution of the dispute in London arbitration for the "Indemnity Claims".

6.  San Juan has provided no evidence that it has paid or provided security to the head owner of the Vessel in respect of any of the Indemnity Claims.

### B.  THE LIEN CLAIMS

7.  On or about 12th February, 2008, the registered or "head owner" of the Vessel sent a notice of lien on sub-hire in the sum of $376,000 (the "Notice").

8. Pursuant to the Notice Trans Power has not paid the sum of $376,000 that it might otherwise have paid San Juan (the "Lien Sum").

9. Trans Power would be liable, under English law, to pay the Lien Sum twice if it ignored the Notice and paid the Lien Sum to San Juan.

10. The Complaint claims $556,450.80 in "outstanding hire" (Id. ¶ 18 [F]) which should be reduced by the Lien Sum as otherwise Trans Power will have been required to provide security both to the Head Owner for San Juan's failure to pay the Lien Sum while San Juan has also obtained security by way of its Rule B Attachment in the same amount.

### C. THE RELEASE OF THE CLAIMED ADVANCE HIRE

11. By Agreement between the parties two attached electronic funds transfers ("EFTs") representing the 5th hire payment were released in the total sum of $323,623.69. This was slightly more than the sum claimed at para 18H of the Amended Complaint plus interest. San Juan agreed to reduce the amount secured under the Rule B attachment and its total claim for interest in proportion to the sum released.

12. San Juan has refused to reduce its "costs" claim of $475,000 despite the consensual reduction of the principal claim by 17 percent.

### D. ENGLISH LAW AS IT RELATES TO ACCRUAL OF A CAUSE OF ACTION FOR INDEMNITY

#### 1. Under English Common Law

13. Under English common law, the cause of action will only accrue, upon a contract to indemnify a person against a liability to a third party, when the plaintiff has

made payment to the third party and <u>not</u> upon the happening of the event that gives rise to the indemnity. See, Reynolds v. Doyle, (1849) 1 M&G 753.

### 2. Express And Implied Indemnity Under A Contract

14. In the absence of an express contract for indemnity providing otherwise, a cause of action for indemnity only accrues when liability to a third party is determined and that liability is discharged by way of settlement or payment of an award or judgment.

15. As stated in the leading treatise Chitty on Contract Vol. 1, ¶ 28-049, the pertinent pages of which are Exhibit 4 hereto, in respect of these propositions:

> **Indemnity against Liability.** Where a contract of indemnity is to indemnify a person against liability to a third party (eg under a liability insurance policy), the general modern rule is that the limitation period starts to run when the indemnifying party's liability is established by judgment, arbitration or binding settlement. However, that general rule is subject to the construction of the contract of indemnity. This may mean that the indemnifying party is liable as soon as the indemnified party is liable (that is, even before any establishing of that liability by, for example, judgment). At the other extreme, the contract may on its true construction provide that the indemnity is conditional on actual payment by the indemnified party in which case the cause of action will accrue only when such payment has been made. [footnotes omitted]

16. In Telfair Shipping Corp. v. Inersea Carriers S.A. (The "CAROLINE P"), [1984] 2 Lloyd's Rep. 466 [Q.B. (Com. Ct.)] the Commercial Court considered the issue of the accrual of a shipowner's claim against a vessel charterer for indemnity in respect of a cargo receivers' cargo damage claim.

17. The Court held in material part:

> . . . even if the indemnity is to be construed as an indemnity against the incurring of liability such an

>  indemnity could not have been invoked by the owners until they had incurred some <u>actual</u> liability to the receivers.

<u>Id</u>. at 476 (emphasis in original).

### E. ENGLISH LAW ON CONSTRUCTION OF THE STATED CAUSE <u>OF ACTION</u>

18. The English Commercial Court will construe a complaint based on its factual allegations not simply on how the plaintiff chooses to label or plead its cause of action, <u>i.e.</u>, breach of contract or for indemnity.

### F. APPLICATION OF ENGLISH LAW TO THE INDEMNITY CLAIMS IN THE AMENDED COMPLAINT

19. I believe that the Indemnity Claims have not accrued, as a matter of English Law, because as far as I am aware, no settlement or payment has been made of them by San Juan to Head Owner.

20. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: March 17th, 2008
at Ipswich, England

_____
NICHOLAS WOO

601518.00602/6623376v.1

5